IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND, | ) ) ) | NO.: 17-CV-7959 |
| Plaintiff, | ) ) | JUDGE: |
| v. | ) ) | MAG. JUDGE: |
| VICTORIA METAL PROCESSORS, INC. | ) ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, the STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND ("PENSION FUND"), by and through its counsel, JOHNSON & KROL, LLC, complaining of the Defendant VICTORIA METAL PROCESSORS, INC. ("VICTORIA METAL") as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and under Section 301 of the Labor-Management Relations Act (29 U.S.C. § 186). This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1332(e)(1) and 28 U.S.C. § 1131.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) in that the PENSION FUND, the Structural Iron Workers Local Union No. 1 Welfare Fund, the Structural Iron Workers Local Union No. 1 Annuity Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the Nation I.W. Apprenticeship Fund, and the Local No. 1 Scholarship Fund (collectively the "TRUST FUNDS") are administered at 7700 Industrial Drive, Forest

1

Park, Illinois 60130, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS have been established pursuant to a collective bargaining agreement entered into between Local Union No. 1 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers AFL-CIO ("LOCAL 1") and the Associated Steel Erectors of Chicago, Illinois ("Principal Agreement"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. The TRUST FUNDS were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of the Trust (the "Trust Agreements").

5. The PENSION FUND is required to receive, hold and manage all monies required to be contributed to the TRUST FUNDS and is the authorized collection agent under the Principal Agreement and Trust Agreements for contributions and deductions to the TRUST FUNDS required under the Principal Agreement.

6. Pursuant to 29 U.S.C. § 1132(a)(3), the PENSION FUND is authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions.

7. LOCAL 1 is the bargaining representative of the Defendant VICTORIA METAL's bargaining unit employees.

8. The Defendant VICTORIA METAL is an Illinois corporation with its principal place of business located in Chicago, Illinois.

## COUNT I – 
## BREACH OF THE PRINCIPAL AGREEMENT

9. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. VICTORIA METAL is an employer engaged in an industry affecting commerce which entered into multiple Memorandums of Agreement whereby it agreed to be bound by the provisions of the Principal Agreement negotiated between LOCAL 1 and the Associated Steel Erectors of Chicago for all times relevant to this action. (Principal Agreement is attached as **Exhibit 1**); (Memorandums of Agreement are attached as **Exhibit 2**).

11. Through the agreements referred to in paragraph 10, the Defendant VICTORIA METAL also became bound by the provisions of the Trust Agreements.

12. Pursuant to the provisions of the Principal Agreement and the Trust Agreements, VICTORIA METAL is required to make monthly reports of hours worked by Covered Employees and pay contributions to the PENSION FUND, for each hour worked pursuant to the Principal Agreement at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (Exhibit 1).

13. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Principal Agreement and Trust Agreements, employers who fail to remit their monthly Contribution Reports and contributions to the PENSION FUND on a timely basis are responsible for the payment of liquidated damages equal to 20% of the amount unpaid and interest at the rate of 2% for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit. (Exhibit 1).

14. Pursuant to the Principal Agreement, VICTORIA METAL is required to deduct union dues from its employees' paychecks and remit payment of those dues to the PENSION FUND, as the collection agent for LOCAL 1. (Exhibit 1).

15. Pursuant to Article III, Section 1 of the PENSION FUND's Trust Agreement, as amended,

    > Each Employer and its affiliated or related companies or businesses shall furnish to the Trustees on demand the names of employees, their social security numbers, the time worked by each employee, the jobs worked by each employee, the contributions due or payable to the Trust Fund, and such other information, including wage and payroll records, as the Trustees or their agents may reasonably require in connection with the administration of the Trust.

    (A copy of the March 14, 2000 Amendment to the PENSION FUND's Trust Agreement is attached hereto as **Exhibit 3**).

16. VICTORIA METAL has failed to submit its September 2017 contributions in the amount of $762.99.

17. In addition, VICTORIA METAL failed to timely submit its Contribution Reports and the associated payments to the Plaintiff for the months of June, July, August and September 2017.

18. As a result of VICTORIA METAL's failure to pay its contributions in a timely manner for the months of June, July, August and September 2017, VICTORIA METAL owes liquidated damages and interest in the amount of $1,496.86.

19. In September 2017, the Plaintiffs sought to conduct a routine payroll compliance audit of VICTORIA METAL's books and records under the authority granted to them through Article III, Section 1 of the PENSION FUND's Trust Agreement, as amended.

20. As part of the audit, the Plaintiff's auditor requested that VICTORIA METAL's turn over payroll records, tax records, cash disbursement records, and other related income records.

21. As of today's date, VICTORIA METAL has refused to turn the requested records.

22. As a result of VICTORIA METAL's refusal to produce the records and information requested by the auditor, the auditor has been unable to properly complete the audit and VICTORIA METAL is in breach of the Principal Agreement and the PENSION FUND's Trust Agreement.

23. VICTORIA METAL has a continuing obligation to contribute to the TRUST FUNDS and to pay union dues deducted from its employees' wages to LOCAL 1. Therefore, additional amounts may be owed by VICTORIA METAL which the Plaintiff also seeks to include in damages for any judgment.

24. Plaintiff has been required to employ the undersigned attorneys to collect the monies that are due and owing from VICTORIA METAL.

25. Plaintiff has complied with all conditions precedent in bringing this suit.

26. VICTORIA METAL is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE,** Plaintiff respectfully requests:

A. That an Order be entered requiring VICTORIA METAL to remit payment of September 2017 contributions in the amount of $762.99 pursuant to the Trust Agreements and Principal Agreement;

B. That an Order be entered requiring VICTORIA METAL pay $1,496.86 in liquidated damages and interest for failing to timely remit contributions for the months of June, July, August and September 2017 pursuant to the PENSION FUND's Trust Agreement and Principal Agreement;

C. That this Court order VICTORIA METAL to provide all of the documents necessary to complete a payroll compliance audit to the Plaintiff's payroll compliance auditor;

D. That Judgment be entered in favor of Plaintiff and against Defendant VICTORIA METAL for any and all contributions, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

E. That Judgment be entered in favor of Plaintiff and against Defendant VICTORIA METAL for all unpaid contributions, union dues, elective deferrals, liquidated damages and interest that are found to be due and owing in addition to the amounts referenced in paragraphs A through D above;

F. That Defendant VICTORIA METAL be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D); and

G. That Plaintiff has such other and further relief as the Court may deem just and equitable all at the Defendant VICTORIA METAL's costs, pursuant to 29 U.S.C. §1132(g)(2)(E).

        Respectfully Submitted,

        **JOHNSON & KROL, LLC**

By:   /s/ Matthew D. Grabell
       One of Plaintiff's Attorneys

Matthew D. Grabell
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5469
grabell@johnsonkrol.com